UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>Alec T. Ohlson,<br>Shannon Ohlson,<br><br>Debtors | Chapter 13<br><br>Bankruptcy No. 26-00385 |

# AMENDED OPINION AND ORDER ON MOTION FOR RELIEF FROM STAY

This matter came before the Court for an evidentiary hearing on State Savings Bank's Motion for Relief from Stay (Doc. 12). Attorney Wilford L. Forker appeared for Alec T. Ohlson and Shannon Ohlson ("Debtors"). Nichole Hughes appeared for State Savings Bank ("Bank"). The Court heard arguments and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## I. BACKGROUND/STATEMENT OF THE CASE

Debtors are a married couple who operated a farm business in Cherokee, Iowa. They required capital for farm operations and contacted Bank. On October 20, 2021, Bank agreed to finance the farm business. Bank later recorded its security interest in various farm equipment and took a mortgage on Debtors' primary residence listed at 1886 610th Street, Cherokee, Iowa (the "Cherokee Property"). Debtors continued borrowing funds from the Bank for about a year, but began

defaulting on their payments. Bank routinely sent notices to cure the defaults. In March 2026, Bank initiated a foreclosure action on the Cherokee Property.

Debtors filed Chapter 13 bankruptcy on April 21, 2026. Bank moved to lift the stay on all property for which it had a security interest. Debtors objected to relief only on the 2016 Wilson Grain Trailer (the "Grain Trailer") and the Cherokee Property. The Court granted relief on the other properties. Bank recently amended its claim to reflect a mortgage of $234, 942.65, the value of the Cherokee Property. For the reasons stated below, the Court grants the motion to lift from stay on the Grain Trailer and denies it for the Cherokee Property.

## II. DISCUSSION

Bank moves for relief from the automatic stay under 11 U.S.C. §362(d). "Section 362[d] of the Bankruptcy Code provides a procedure by which the automatic stay that prohibits the creditor from proceeding against its collateral can be lifted." In re Selden, 62 B.R. 954, 957 (Bankr. D. Neb. 1986) (citing 11 U.S.C. § 362(d)). The relevant section states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)–(2). "[A] bankruptcy court must grant relief if the movant either proves cause under subsection (1) or proves that there is no equity in the property and that it is not necessary for a successful reorganization subsection (2)." In re Daniels, No. 20-01054, 2021 WL 4823524, at *5 (Bankr. N.D. Iowa Oct. 14, 2021) (emphases omitted) (citing Martens v. Countrywide Home Loans (In re Martens), 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005)).

First, Bank argues Debtors have not taken steps to adequately protect Bank's interest in the Grain Trailer. Debtors valued the trailer at $45,000 on their bankruptcy schedules. Three months later, Debtor Alec Ohlson testified the trailer is now worth between $30,000 to $35,000. This testimony shows the Grain Trailer has depreciated by at least $10,000 since the bankruptcy filing. Bank argues Debtors have failed to provide payments for the trailer's declining value sufficient to show adequate protection. The Court agrees. "Adequate protection is compensation paid to the creditor for the depreciation of its collateral." In re Tate, No. 16–01538, 2016 WL 7742159, at *3 (Bankr. N.D. Iowa Dec. 28, 2016) (quoting In re Butler, 403 B.R. 5, 11 (Bankr. W.D. Ark. 2009)); see 11 U.S.C. § 361. Debtors present no evidence to show Bank's interest is adequately protected. The Court

finds the lack of adequate protection provides cause to lift the stay on the Grain Trailer.

Second, Bank requests the stay be lifted on the Cherokee Property (Debtors' home) under section 362(d)(1) and (d)(2). The Court will first address section 362(d)(1). The bankruptcy schedules listed the Cherokee Property's value at $240,000. Bank's most recent amended claim now values the property at $234,942.65. Unlike the Grain Trailer, the home's 2% decline in value is insufficient to constitute rapid depreciation that threatens the Bank's interest. See In re Monnier Bros., 755 F.2d 1336, 1340 (8th Cir. 1985) (explaining that a creditor's interest is not "necessarily threatened" to require adequate protection when "[the creditor] does not allege that the value of the . . . property was depreciating rapidly during the stay[,]" but the evidence instead showed the land's value "had remained fairly level"). The Court thus finds that relief is inappropriate under section 362(d)(1).

Bank also argues relief is available under section 362(d)(2). Bank first contends Debtors have no equity in the Cherokee Property. Equity within the meaning of section 362(d)(2)(A) refers to the difference between the property's fair market value and all encumbrances on it. Kanyon Holdings, LLC v. Dandurand (In re Dandurand), No. 25-6010, 2026 WL 2294005, at *20 (B.A.P. 8th Cir. Aug. 10, 2026) (citing Bowman v. Bond (In re Bowman), 253 B.R. 233, 238 (B.A.P. 8th Cir.

2000)). "[C]ase law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection." In re Wallace, No. 24-00315, 2024 WL 3648551, at *4 (Bankr. N.D. Iowa Aug. 2, 2024) (citation modified) (quoting Mendoza v. Temple-Inland Mortg. Corp. (In re Mendoza), 111 F.3d 1264, 1272 (5th Cir. 1997)); see also In re Panther Mt. Land Dev., LLC, 438 B.R. 169, 190 (Bankr. E.D. Ark. 2010) (noting that "[w]hether the measure of the equity cushion is sufficient to provide adequate protection is ultimately decided on a case-by-case basis."). Here, Bank's amended claim shows the Cherokee Property is fully encumbered by a mortgage equal to the home's value. The evidence fails to establish anything close to a 20% equity cushion in Debtors' home.

Bank must also show under section 362(d)(2)(B) that the Cherokee Property is not necessary for an effective reorganization. See 11 U.S.C. § 362(d)(2)(B). "A debtor's principal residence in a Chapter 13 case is virtually always necessary to an effective reorganization." In re Risher, 677 B.R. 691, 696 (Bankr. D. Minn. 2026) (quoting In re Elmore, 94 B.R. 670, 677 (Bankr. C.D. Cal. 1988)); In re Brown, 606 B.R. 348, 354 (Bankr. E.D. Ark. 2019). The Cherokee Property is Debtors' primary residence and where they raise three children, two of whom are infants. The home provides necessary stability for the family. See In re Timmer, 423 B.R. 870, 874 (Bankr. N.D. Iowa 2010) ("A home can be property which is necessary to an effective reorganization in a Chapter 13 case because it provides necessary stability

for the debtor's family.”). Additionally, Debtor Alec Ohlson testified he maintained an office in his RV to conduct bookkeeping work for the farm business. When the Court lifted the stay on the RV, it noted these business-related activities could take place at Debtors’ home. Debtors would face much difficulty in making plan payments and reorganizing family finances without the Cherokee Property. See In re Vegt, 495 B.R. 433, 438 (Bankr. N.D. Iowa 2013). The Cherokee Property adequately protects Bank’s interest. Bank’s request to lift stay on the Cherokee Property under section 362(d)(2) is thus denied.

## III. CONCLUSION

Bank has established cause to lift the stay on the Grain Trailer under section 362(d)(1). Bank is entitled to adequate protection as Debtors presents no evidence that they have safeguarded Bank’s interest. The Court, however, declines to lift the stay on the Cherokee Property. Relief is not available under section 362(d)(1) or (d)(2). The home’s value remains consistent enough to not threaten Bank’s interest. Furthermore, the home is necessary to Debtors’ reorganization efforts, allowing them to make plan payments for the protection of Bank’s interest.

**IT IS HEREBY ORDERED** that Bank’s Motion for Relief from the Automatic Stay is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 362(d)(1), the automatic stay of 11 U.S.C. § 362(a) is terminated with respect to the Grain Trailer.

**IT IS FURTHER ORDERED** that the previous opinion is voided.

Ordered: November 4, 2026

Thad J. Collins
Chief Bankruptcy Judge